918 F.2d 174
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wesley A. ANDERSON, Defendant-Appellant.
 No. 89-5410.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 28, 1989.
Decided Nov. 14, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-89-55-A)
 Alan H. Yamamoto, Fairfax, Va., for appellant.
 Henry E. Hudson, United States Attorney, Andrew J. Kameros, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, K.K. HALL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Wesley Anderson was convicted on his pleas of guilty to two counts of an indictment for possession with intent to distribute more than 500 grams of cocaine and possession with intent to distribute 5 grams of crack cocaine in violation of 21 U.S.C. Sec. 841(a)(1).
 
 
 2
 These pleas of guilty were subject to a motion to suppress the drugs, the denial of which is the only matter appealed.
 
 
 3
 Officers Yates and Crooke of the DEA Mass Transportation Detail spotted Anderson after he had deplaned from a Pan Am shuttle flight from New York, a source city for narcotics, at Washington National Airport carrying only a plastic bag and a duffel bag. The officers explained that they were looking for narcotics and asked Anderson if he was carrying any drugs, to which he replied that he was not. They then asked Anderson if they might search his luggage, and he gave his consent. Until that time, Anderson's speaking to the officers and his consent to search his luggage was entirely voluntary, as held by the district court. In the baggage the officers found a package, inside a T-shirt, which was wrapped in masking tape. Anderson told the officers that the package contained fish in response to their question as to its contents. When the officers did not smell any fish, they asked Anderson if they could open the package, and he asked if they had to, which, for now, we take as implying that he did not give his consent. At that point, the officers told Anderson that they thought the package contained drugs and that they were not going to let him leave until they had a chance to get a drug dog to inspect the package or obtain a search warrant, if necessary. At that point, Anderson told them they could open the package which, when opened, was found to contain cocaine, and as did his shoes, found as a result of his later admission. Under these circumstances, the district court found that Anderson's consent to search his luggage was freely and voluntarily given and that it was not effectively withdrawn by his declining to let the officers search the taped-up package until after they had told Anderson they would procure a search warrant, if necessary.
 
 
 4
 We are of opinion that the district court's holding that the initial search of the luggage was entirely free and voluntary was not clearly erroneous as well as legally correct.
 
 
 5
 We do not have to decide whether or not Anderson effectively withdrew his consent, as he now claims, so as to prevent the officers from searching the taped-up package. Anderson had just arrived from New York, a source city for narcotics, with little baggage, which the officers knew. When he told the officers that the taped-up package contained fish, which it obviously did not, that falsehood added to the indication that Anderson was not that which he pretended to be, a visitor from New York, but that the package contained contraband. Under all of the circumstances, we think that the officers had probable cause to arrest Anderson at that time, so that whether or not he gave his consent to inspect the taped-up package is immaterial, his detention being quite lawful and the search of the taped-up package being incident to a lawful arrest. See United States v. Lehmann, 798 F.2d 692 (4th Cir.1986).
 
 The judgment of conviction is
 
 6
 AFFIRMED.